**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4868**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ADRIAN RAY LEE,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00165-CCE-1)

Submitted: June 18, 2020                        Decided: July 2, 2020

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Ray Lee pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2018), and was sentenced to 150 months in prison. Lee has appealed and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court properly enhanced Lee's offense level for being a manager or supervisor in the conspiracy, *see* U.S. Sentencing Guidelines Manual § 3B1.1(b) (2018), and whether Lee's trial counsel provided ineffective assistance. Lee has also filed a supplemental brief on appeal.[1] We affirm.

We review the district court's application of the three-level enhancement under § 3B1.1(b) for clear error. *See United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013). The enhancement applies if a defendant managed or supervised—but was not an organizer or leader of—participants in a criminal activity that involved at least five people or was "otherwise extensive." USSG § 3B1.1(b) & cmt. n.2; *see United States v. Wolf*, 860 F.3d 175, 198 (4th Cir. 2017). Managing or supervising even one participant is sufficient for application of the enhancement. *See Steffen*, 741 F.3d at 415-16. We conclude that the district court did not err in determining from the presentence report and the testimony of a Drug Enforcement Administration agent that at least five people were involved in the conspiracy and that, by arranging deliveries of cash and drugs, Lee exercised sufficient

---

[1] We have reviewed the claims contained in Lee's pro se supplemental brief and concluded they lack merit.

2

control over participants in the conspiracy for the § 3B1.1(b) enhancement to apply. *See Steffen*, 741 F.3d at 416; *see also United States v. Bartley*, 230 F.3d 667, 674 (4th Cir. 2000) (enhancement warranted for arranging logistics of deliveries and payments and coordinating activities of others).

With respect to Lee's assertion of ineffective assistance of counsel, to succeed on such a claim, Lee must show that his plea counsel's performance was deficient and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). But claims of ineffective assistance must ordinarily be raised on collateral review in a motion under 28 U.S.C. § 2255 (2018), *see Massaro v. United States*, 538 U.S. 500, 504 (2003), and we reach them on direct appeal only when ineffective assistance conclusively appears on the face of the record, *see United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Although the district court has found that Lee's trial counsel violated his duties of competence and diligence while representing Lee,[2] the record here does not show whether Lee was prejudiced by his trial counsel's performance. We therefore decline to consider a claim of ineffective assistance on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

---

[2] Lee has new counsel on appeal.

3

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*